**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PETER LAGOD, JR., | ) No. CV 07-2027-PHX-JAT |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| VALLEY METRO RAIL, INC., et al., | ) |
| Defendants. | ) |

Plaintiff Peter LaGod, Jr. ("Plaintiff" or "Mr. LaGod") claims that his employer, Valley Metro Rail, Inc. ("Defendant" or "Valley Metro"), discriminated against him on the basis of national origin and sex in violation of Title VII of the Civil Rights Act of 1962, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff has filed a Motion for Leave to Amend his Second Amended Complaint ("Motion to Amend") (Doc. #30). Defendants have objected to that Motion and have filed a Motion to Dismiss for insufficient service ("Motion to Dismiss") (Doc. #33). For the following reasons, the Court will deny Plaintiff's Motion to Amend and grant Defendant's Motion to Dismiss Without Prejudice.

**I.    BACKGROUND**

Plaintiff filed his Complaint in this matter on October 19, 2007. Defendants filed a Motion to Dismiss on November 13, 2007 for failure to state a claim under Fed. R. Civ. P.

12(b)(6) and for insufficiency of service under Fed. R. Civ. P. 12(b)(5)[1] (Doc. #7). Based on Plaintiff's failure to properly serve the Summons and Complaint simultaneously, the Court, in its June 19, 2008 Order, quashed the insufficient service of process and ordered Plaintiff "to re-serve, in accordance with Federal Rules of Civil Procedure 4, those Defendants against whom he has stated a plausible claim." (Doc. #24.) This Court provided authority for Plaintiff, a pro se litigant, to review, specifically citing Fed. R. Civ. P. 4. The Court's Order required Plaintiff to properly serve Defendant Valley Metro within 40 days of the Order.

As allowed by the Court, Plaintiff filed an Amended Complaint on July 9, 2008, entitled, "Amended Complaint 7-7-08" (Doc. #26). At that time, Plaintiff also filed a Request for Extension To Process Service of Summons And Complaint to Defendants (Doc. #27) to allow for an extension of time so that Plaintiff could use a process service company to serve the Summons and Complaint upon Valley Metro. The Court granted Plaintiff additional time and, on July 14, 2008, ordered that "Plaintiff has 30 days from the date of this order to complete service of process in accordance with Federal Rule of Civil Procedure 4." (Doc. #28.)

Notwithstanding the above, however, Plaintiff has either failed or refused to complete service as required under the rules and as directed by this Court. Although Plaintiff managed to file an additional motion to amend his Complaint on July 25, 2008 (Request for Leave to Amend Second Amended Complaint, Doc. #30), Plaintiff did not serve his Summons and Complaint upon Valley Metro by the August 10, 2008 deadline. On August 11, 2008, Valley Metro moved to dismiss Plaintiff's Complaint without prejudice for failure to serve as required by the rules and as specifically instructed and ordered by the Court (Doc. #33).

---

[1] This Court denied the 12(b)(5) motion and granted in part and denied in part the 12(b)(6) motion. Specifically, the Court granted Defendants' Motion to Dismiss for failure to state a claim against individual Defendants Grote, Aguilar, Gibson, Limmer, and Garcia and dismissed them from this action. The Court, however, denied Defendants' Motion to Dismiss for failure to state a claim against Defendant Valley Metro, finding Plaintiff adequately pleaded two Title VII retaliation claims against Valley Metro.

1 Plaintiff failed to timely respond to the Motion to Dismiss and submitted a response in
2 opposition ("Response") (Doc. #37) on January 27, 2008 – more than five months after the
3 response was due.  Plaintiff also failed to appear for the February 19, 2009 hearing on his
4 Motion to Amend and Defendant's Motion to Dismiss.

5 **II.     ANALYSIS**

6 In deciding whether to dismiss a complaint for untimely service, courts must
7 determine whether the plaintiff has demonstrated good cause for the delay.  *In re Sheehan*,
8 253 F.3d 507, 512 (9th Cir. 2001).  This Court finds that Plaintiff in this matter has failed to
9 make the requisite showing of good cause.

10 As explained above, this Court has already extended the time for Plaintiff to complete
11 service not once but twice.  The Court first extended the time period for service as the result
12 of a previous Motion to Dismiss filed by Defendants.  The Court extended the time period
13 for service a second time in response to an additional request made by Plaintiff over seven
14 months ago on July 9, 2008.  Notwithstanding these two extensions provided by the Court
15 and the ample period of time Plaintiff has had to complete service upon Valley Metro,
16 Plaintiff has yet to do so.  Indeed, even after Valley Metro filed a second Motion to Dismiss
17 for insufficient service, Plaintiff made no further attempt to complete service and did not
18 request additional time from the Court to do so.

19 Recognizing his failure to comply with the clear and express directive in the Court's
20 Order, Plaintiff now argues that "[a]s a plaintiff in pro se . . . , [he] should not be held to the
21 same level of expectation as one who is experienced in law such as the undersigned council
22 [sic] for the defendants."  Importantly, however, the Ninth Circuit has made clear that "[p]ro
23 se litigants must follow the same rules of procedure that govern other litigants."  *King v.*
24 *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th
25 Cir. 1986)(pro se litigants should not be treated more favorably than parties represented by
26 attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989)(pro se litigants are
27 subject to the same good faith limitations).  While pro se pleadings may be held to less
28 stringent standards, "a pro se plaintiff must still properly serve the defendant." *Cheek v. Doe*,

1  110 F.R.D. 420, 421-22 (N.D. Ill. 1986)(internal citation omitted), *aff'd in part, rev'd in part*
2  *on other grounds*, 828 F.2d 395 (7th Cir. 1987).  Plaintiff has failed to do so here.

3        The Court further notes that Plaintiff was provided with ample explanation regarding
4  his initial failure to properly complete service in the Court's June 19, 2008 Order.  At that
5  time, Plaintiff was directed to Fed. R. Civ. P. 4 for the Rule's service requirements.  Plaintiff
6  also was admonished by this Court regarding the consequences of a failure to properly serve
7  Defendant: "Plaintiff shall properly serve Defendant Valley Metro in accordance with
8  Federal Rule of Civil Procedure 4 within 40 days of the date of this Order, **or the Clerk will**
9  **dismiss this case**." (Doc. #24, emphasis added.)  Plaintiff, therefore, was aware that a failure
10  to comply with the service requirements would result in the dismissal of his case.

11        Notwithstanding the above, and despite informing this Court of his intention to use
12  a process service company in his request for a second extension of time to complete service,
13  Plaintiff has yet to properly serve Valley Metro as directed by this Court.  In addition to this
14  failure, Plaintiff, without explanation, failed to respond to Valley Metro's Motion to Dismiss
15  for insufficient service for more than five months.  Though Plaintiff finally submitted an
16  untimely response to that Motion on January 27, 2009, he has not demonstrated to this Court
17  good cause for his failure to complete service upon Valley Metro.

18        Although Plaintiff cites insufficient funds as being the reason he could not obtain a
19  process server, he provides no basis for his failure to otherwise comply with the Court's
20  Orders regarding service or any explanation regarding his failure to timely respond to Valley
21  Metro's Motion to Dismiss.  As Defendant correctly notes in its Reply (Doc. #39), Plaintiff
22  could have achieved service of process without incurring the expense of a process server.
23  Moreover, Plaintiff does not identify any action he has taken in an effort to complete service
24  in the five month period since Valley Metro filed its Motion to Dismiss, nor did Plaintiff seek
25  any additional extensions of the service deadline either before it expired or thereafter.  Even
26  now, nothing in Plaintiff's Response to the Motion to Dismiss suggests that Plaintiff intends
27  to comply with the Rule's service requirements if given another chance: "the purpose of
28

- 4 -

1  process of service is to notify the defendants of suit and that has been accomplished."
2  (Response, Doc. # 37, p.1.)

3  Indeed, to the extent Plaintiff asserts that this action should not be dismissed because
4  "defendants are well informed of this action filed against them and the facts surrounding this
5  complaint," his arguments are unavailing. "The fact that defendants may have received
6  actual notice of this suit does not cure insufficient service." *Cheek,* 110 F.R.D. at 422.
7  Notice of the pending action is only one function of Rule 4. Until service is properly
8  accomplished (or waived), the Court does not have personal jurisdiction over the defendant.
9  *See* 5B Wright & Miller, Federal Practice and Procedure § 1353 (3d. Ed. 2004), at 338
10 (stating that "service of process is . . . the means by which a federal court gives notice to the
11 defendant and asserts jurisdiction over him"). Plaintiff has failed to complete service upon
12 Valley Metro and has failed to provide this Court with good cause for his delay.

13 It is not for this Court to hypothesize as to why Plaintiff failed to properly serve
14 Valley Metro, to timely respond to Valley Metro's Motion to Dismiss, or to appear at the
15 time set for hearing on this matter. Plaintiff has been provided with ample time to complete
16 service upon Defendant as well as ample explanation of the Rule's service requirements and
17 the consequences of failing to comply with the same.

18 For the foregoing reasons,

19 **IT IS HEREBY ORDERED** granting Defendant Valley Metro's Motion to Dismiss
20 (Doc. #33) and dismissing this action without prejudice. Valley Metro being the last
21 defendant in this case (see Doc. #24 dismissing Defendants Grote, Aguilar, Gibson, Limmer,
22 and Garcia), the Clerk shall enter judgment in this case.

23 \ \ \
24 \ \ \
25 \ \ \
26
27
28

1 **IT IS FURTHER ORDERED** denying Plaintiff Peter LaGod, Jr.'s Request for Leave to Amend Second Amended Complaint (Doc. #30).

DATED this 20th day of February, 2009.

James A. Teilborg
United States District Judge